UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ORRAINE McKOY,

                Petitioner,

   v.                                               9:20-CV-0427
                                                           (GLS)

LEROY FIELDS,

                Respondent.
_____

APPEARANCES:                                     OF COUNSEL:

ORRAINE McKOY
Petitioner, pro se
16-A-5007
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Orraine McKoy seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] On the same day the petition was filed, the Court also received the statutory filing fee. Dkt. Entry for Pet. of Apr. 13, 2020 (indicating receipt information for the filing fee transaction).

For the reasons that follow, the petition is dismissed without prejudice, as premature, with leave to re-file once petitioner's claims have been fully exhausted and the state court

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

proceedings have concluded.

## II.     THE PETITION

Petitioner challenges a 2016 judgment of conviction in Clinton County, upon a guilty plea, of third degree criminal sale of a controlled substance, third degree criminal possession of a controlled substance, and resisting arrest. Pet. at 3; *People v. McKoy*, 175 A.D.3d 1616, 1616 (3d Dep't 2019). The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction, and, on November 29, 2019, the New York Court of Appeals denied leave to appeal. Pet. at 3; *see McKoy*, 175 A.D.3d at 1618, *lv. denied*, 34 N.Y.3d 1016 (2019), 34 N.Y.3d 1018 (2019).

Petitioner also contends that on July 19, 2019, he filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law article 440 ("440 motion") in Clinton County Court. Pet. at 4-5. On November 18, 2019, County Court denied the motion. *Id.* at 5. Petitioner sought leave to appeal, which application is still pending with the Third Department. *Id.*

Petitioner indicates he made additional filings; however, it is unclear to the Court how they impact the procedural history of his state court challenges. Petitioner contends that "[s]ubsequent to the . . . Third Department affirmance, [he] sought permission to extend the record . . . [and] filed permission to renew, to avail himself o[f] the opportunity demonstrating that trial counsel failed to discuss [the] oral and written waiver[.]" Pet. at 4. It is unclear in what court petitioner made these motions, or pursuant to what authority he made them. He concludes by stating that, on January 21, 2020, "the lower court affirmed the conviction [and l]eave to appeal remain[s] pending before the . . . Third Department." It is also unclear what

court issued the aforementioned decision and how many appeals petitioner presently has pending before the Third Department.

Liberally construing the petition, petitioner contends that he is entitled to federal habeas relief because petitioner's waiver of his right to appeal was invalid. Pet. at 3. For a complete statement of petitioner's claims, reference is made to the petition.

## IV.   DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, it is clear that petitioner has not exhausted his state court remedies because, at a minimum, petitioner asserts that the appeal to the Third Department for his properly filed

3

440 motion is currently pending. Pet. at 4. Further, petitioner contends that he has additional appeals pending before the Third Department regarding the appeal waiver, which is the basis of his present petition. Pet. at 4-5. Accordingly, it does not appear that the highest state court capable of reviewing petitioner's claims has had the opportunity to do so. *See Brown v. Ercole*, No. 1:07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence of available state corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). *See* 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and, by his own admission, is in the process of exhausting those remedies by pursuing his collateral attacks on his state court conviction. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition, especially given the content of the pending appeals.

Petitioner's papers request that his petition be considered a protective filing and that this Court issue a stay in the present action. Pet. at 2, 6. That request is denied. The Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and

abey" the habeas proceedings. *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005); *see Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted). However, *"Pace* suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

  Here, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Petitioner does not appear to have any difficulty navigating through the state court for a direct appeal or various collateral attacks. Pet. at 3-5. Moreover, petitioner has not demonstrated any difficulties pursuing the present habeas petition in this Court. Accordingly, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

  Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after petitioner's claims are exhausted in state court, will be jeopardized by the statute of limitations. The AEDPA's one-year limitations period generally begins to run from

the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  *See* 28 U.S.C. § 2244(d)(1)(A). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires.  *See id.* § 2244(d)(2); *Saunders,* 587 F.3d at 548.  The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken.  *See Saunders*, 587 F.3d at 548.[2]

The Third Department affirmed petitioner's conviction on direct appeal, and the New York Court of Appeals denied petitioner's application for leave to appeal on November 29, 2019.  *McKoy*, 175 A.D.3d at 1618, *lv. denied*, 34 N.Y.3d 1018 (2019); 34 N.Y. 1016 (2019). Petitioner did not appear to file an application for a writ of certiorari ; accordingly, petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on February 27, 2020, when the time to seek certiorari expired.  *Thaler*, 565 U.S. at 149-150.  Petitioner therefore has until March 1, 2021, to timely file a federal habeas petition.[3]

Petitioner asserts that he filed his 440 motion, which he is in the process of appealing, on July 19, 2019.  Pet. at 3-4.  This motion was filed prior to the date petitioner's conviction became final and, if said motion is, as petitioner represents, properly filed, then it will serve to toll the limitations period.  Accordingly, it appears that petitioner's statute of limitations period

---

[2]  The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418).  Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[3]  Because the period ends on February 27, 2021, a Saturday, it continues to run until March 1, 2021, the first business day thereafter.  *See* Fed. R. Civ. P. 6(a)(1)(C).

has yet to begin running, even though his conviction became final in February. Even if petitioner is mistaken, and the 440 motion was not properly filed, petitioner still has approximately 320 days before the statute of limitations expires. Therefore, petitioner should promptly re-file his petition when he has completed exhausting his claims in state court, as he appears to have adequate time in which to do so.

Based on the foregoing, the petition is premature and is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[4]

## IV.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's request for a stay (Pet. at 2, 6) is **DENIED**; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability (COA) shall issue in this case because

---

[4] It is noted that, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *See Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[5]  Any further request for a COA must be addressed to the Court of Appeals, *see* Fed. R. App. P. 22(b); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules pf Practice.

April 16, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[5]  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).